LYDIA M. WEBSTER, Individually and as Executrix of MARY A. WEBSTER, Deceased, Respondent, *v.* CHARLES J. WEBSTER et al., Defendants, EDWARD J. WEBSTER et al., Respondents and HENRIETTA S. WEBSTER, et al., Appellants.

*Real property — partition — title — construction of codicil to will devising real property.*

*Webster* v. *Webster*, 214 App. Div. 806, affirmed.

(Argued October 20, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered July 1, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, modifying and affirming as modified an interlocutory judgment of sale in partition entered upon a decision of the court on trial at Special Term. (See 243 N. Y. 520.) The question was as to the title to real property situated at the northeast corner of Clinton and De Graw streets in the city of Brooklyn and required construction of the second codicil to the will of Michael Webster, deceased.

*James M. Gorman* and *Solomon Pearlman* for appellants.
*Joseph W. Gott* for plaintiff, respondent.
*W. T. Snider* and *Henry W. Chadeayne* for defendants, respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

MARK K. IRONS, Appellant, *v.* WILLIAM STEINER SONS & Co., INC., et al., Respondents.

*Negligence — drain pipe conveying acid waste — duty to repair leak.*

*Irons* v. *Steiner Sons & Co., Inc.,* 216 App. Div. 843, affirmed.

(Submitted October 20, 1927; decided November 22, 1927.)

APPEAL from two judgments of the Appellate Division of the Supreme Court, one entered July 8, 1926, and the

other July 20, 1926, each affirming a judgment in favor of one of the defendants herein and against the plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff's claim for damages was based upon the contention that his injuries were caused by the leakage of acid liquid waste from a drain conveying such waste from the place of business of one of the defendants which occupied as tenant a portion of the floor of a building of which the other defendant was landlord down through the floor below where plaintiff worked as a printer for his employer, a corporation which occupied the lower floor as tenant. It was contended that the trial court incorrectly charged " that there was no duty on either defendant to go in there and repair the pipe until they had some notice of this particular leak."

*Everett F. Warrington* for appellant.

*Arthur Butler Graham* and *Henry W. Reynolds* for William Steiner Sons & Co., Inc., Respondent.

*Walter G. Evans* and *Grattan B. Shults* for Oscar Bach Studios, Inc., respondent.

Judgments affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

OTTO KUNZE, an Infant, by FRED KUNZE, His Guardian ad Litem, Respondent, *v.* THE PICTORIAL REVIEW COMPANY, Appellant.

*Negligence — motor vehicles — boy seven years of age running in street struck by automobile approaching from behind.*

*Kunze* v. *Pictorial Review Co.*, 218 App. Div. 829, affirmed.
(Argued October 20, 1927; decided November 22, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1927, modifying and affirming as